CASE 41—PETITION—MAY 5.

# Moore v. Harrod.

### APPEAL FROM FRANKLIN CIRCIUT COURT.

1. GROUNDS OF ATTACHMENT—SUFFICIENCY OF.—An affidavit for an attachment under the provisions of section 196, of the Civil Code, which fails to state that the claim sued on is just, or fails to state in terms the sum affiant believes the plaintiff ought to recover, is fatally defective.

2. PRACTICE IN CIVIL CASES—AMENDMENTS.—Where the court during the pendency of an action had adjudged on preliminary motions, in substance, that the grounds of attachment were sufficient, and thereby assured the plaintiff of their sufficiency, it was error for the court upon a final hearing to discharge the attachment, because of their insufficiency, without permitting the plaintiff to amend the grounds as he sought to do. It is entirely proper for amendments to pleadings and proceedings to be filed even after the commencement of the trial, and before the final judgment, when the ends of justice require it.

IRA JULIAN FOR APPELLANT.

1. While the affidavit does not state in terms that the claim is just, it does show on its face that it is just, and the language of section 196, of the Civil Code, requires of the plaintiff only that he shall file an affidavit showing that his claim is just.

2. The defects in a petition or a pleading may be cured by the expressed or implied admissions of his adversaries' pleadings. 8 Dana, 184; 4 B. M., 198; 7 Dana, 172; 3 Marshall, 474. The defendant's motion to discharge the attachment "because the order for same was issued by the clerk of this court, and to therefore void," expresses presumably his only ground for discharging the attachment on the face of the papers, and waives and cures the other defect in the affidavit.

3. The court in furtherance of justice should have permitted the plaintiff to amend his grounds of attachment, and the refusal to do so was an abuse of discretion. Sec. 134, of the Civil Code; Green v. City of Covington, 83 Ky., 416.

C. F. EXUM OF COUNSEL ON SAME SIDE.

Moore v. Harrod.

J. A. SCOTT FOR APPELLEE.

1. The affidavit for attachment failed to state the nature of the plaintiff's claim, or that it was just, and was therefore fatally defective.
2. The refusal of the court to permit the plaintiff to amend his grounds of attachment after the trial was through, and during the argument, was not such an abuse of his discretion as would authorize a reversal.    Under the express provisions of the Code it is within the discretion of the trial court to permit or to refuse to permit amendments.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The petition in this case sets up a cause of action on a note, followed by a statement of certain grounds of attachment under section 194 of the Civil Code.    There is, however, no attempt, beyond a statement of the grounds of attachment, to conform to the requirements of section 196 of the Code; which, in addition, requires the affidavit to show (1) the nature of the plaintiff's claim; (2) that it is just; (3) the sum which the affiant believes the · plaintiff ought to recover. If, therefore, we hold that the nature of the claim is sufficiently set out, still there is no averment that the claim is just, and no statement in terms of the sum affiant believes the plaintiff ought to recover.    This court has held several times that a failure to so state is fatal, and this although the petition is upon a note for a given sum which is alleged to be due and unpaid.    Thus in Taylor v. Smith, 17 B. Mon., 542, which was an action upon a promissory note, it is said: "The affidavit states that the affiant believes that the plaintiff ought to recover the amount of the note sued on, but fails to state that he believes the demand to be just.    This latter statement, as well as the other, is expressly required by the Code, and it is not for us to dispense with it" (Bailey v.

Beadles, 7 Bush, 383).    We must regard this point, therefore, as a settled one.

It appears that during the progress of the case, on September 20, 1894, the defendant "moved the court to discharge the attachment because the order therefor was issued by the clerk of the court and was, therefore, void."   And again, on the same day, this order appears:  "Defendant filed a motion to discharge the attachment herein, which motion is overruled; to which defendant excepts."   And on the trial of the case, in January, 1895, the following order appears:  "After the hearing of the proof, and after argument by counsel for defendant, the plaintiff's attorney moved the court to permit him to amend his petition and affidavit by interlining the same, and adding thereto the words 'that it is just';" to which motion defendant objected, and the court overruled said motion, and to which ruling of the court the plaintiff excepted.   Thereupon plaintiff's attorney asked that he be allowed to amend his petition and affidavit by alleging that his claim was just, and the amount which he believed he ought to recover, and, there being objection by the defendant, the court ruled that at that stage of the trial the amendment ought not to be permitted, etc.   The attachment was, therefore, adjudged to be discharged, over the objection and exception of the plaintiff.   It is now contended that the court ought to have permitted counsel to amend the petition in the respect in which it was defective.   And we so think.   As said by counsel for appellee, the court had "steadily ruled in favor of the appellant" during the progress of the trial, and manifestly held the affidavit sufficient on the second motion to discharge the attachment.   This motion neces-

sarily was a test of the sufficiency of the affidavit. It was held in Ashbrook v. Roberts, 82 Ky., 298, that, if the court permits a defective pleading to be filed over the objection of the adverse party, the court should in some way notify the party of the defect, and give him an opportunity to correct it, before disregarding it on final hearing because of such defect. The court "had thereby," said this court, "in substance said to the party that his pleading was sufficient, and yet, without the least intimation to him, so far as is shown by the record that the court had changed its opinion, it at the same term, in a final judgment, rejected it, and thereby deprived the party of any opportunity to amend." It is quite common and entirely proper for amendments to pleadings and proceedings to be filed even after the commencement of the trial, and before final judgment, when the ends of justice require it; and especially so when it is a mere technical defect that is sought to be cured. Here the justness of the claim was substantially set forth in the petition, as well as the sum the plaintiff was entitled to recover, and in these respects there was no defense. The pleading was only defective because under the decisions of this court a literal compliance with the provisions of section 196 of the Code is required. Certainly the substantial rights of the defendant were not affected by an amendment using the language of the Code when the pleadings had already embraced its substance. The proof, as it appears now in the record would seem to entitle the plaintiff to the attached fund except to the extent of the exemption of some $190.

The judgment is reversed for proceedings consistent herewith.