Case 51—ACTION BY B. W. BOLES' EXECUTOR AGAINST ROBERT S. JONES AND OTHERS ON A RENT NOTE, OCT. 2.

## Bowles' Ex'r. v. Jones, &c.

Appeal from Christian Circuit Court.

THOMAS P. COOK, Circuit Judge.

Judgment for Plaintiff, granting insufficient relief and he appeals.     Reversed.

1.  Chattel Mortgages—Priority—Failure to Record—Attachment. The lien acquired by the levy of an attachment has priority over an unrecorded mortgage of which the attaching creditor had no notice at the time the debt was created.
2.  Landlord and Tenant—Landlord's Lien—Priorities.—A landlord's lien on the crop was superior to that of an insurance company to whom the tenant gave a mortgage, but inferior to the lien of attaching creditors of the tenant; and the lien of the insurance company was superior to that of the attaching creditors, but inferior to the lien of the landlord. Held, that, as against the insurance company, the landlord was entitled to the proceeds of the crop, but out of such sum, as between the landlord and the attaching creditors, their claims must be first paid, the landlord being entitled to the remainder.

3. Chattel Mortgage—Lien Priorities.—Where a mortgage exe-
cuted by a tenant on the crop expressly referred to a rent
claim on the crop, the mortgagee could not subsequently be
heard to assert that his lien was superior to that of the
landlord.

F. L. WILKERSON and C. H. BUSH for appellant.

POINTS AND AUTHORITIES.

1.  It is admitted that appellant's written agreement with Jones
by which a mortgage was to be given on the tobacco to secure
the rent; was made prior to the mortgage of the Giant Insurance
Agency, and prior to the attachments of the other appellees herein.
But it is contended by the appellees that this written agreement
to mortgage the tobacco did not give to appellant any lien on it,
or the proceeds of the tobacco in controversy.

The court below held that the written agreement to mortgage
the tobacco to appellant did give to it a lien, on the tobacco, and
its proceeds.  But in the judgment appealed from the court gave
the appellee's liens priority over the lien adjudged to appellant.

To which former rulings of the court appellees did not except.
But to which latter ruling of the court appellants did except and
now contend was erroneous.  (Baldwin & Co. v. Crow, 86 Ky.
Page 680; Cincinnati Leaf Tobacco Warehouse v. Combs, etc., 22
Ky. L. R. Page 523; Zaring v. Cox, 78 Ky., page 528; Pierce v.
Hall, 12 Bush, Page 209; J. L. Lowe & Sons v. Stahl, etc., 19 Ky.
L. R. Page 210.

2.  That the court erred in taxation of and judgment to appellees
in too large amounts of costs, which was objected to and excepted
to by appellants.

FRANK RIVES, Atty. for appellee, H. C. McGEHEE.

J. J. HANBERY, Atty. for appellee, WALL BROS.

POINTS AND AUTHORITIES.

1.  A mere agreement to mortgage given in the face of a note
or contract is not valid as against creditors and creates no lien
on the property that is superior to that of attaching creditors and
can not be treated as an unrecorded mortgage.

Schmidt v. Carter's Admr. 95 Ky. Reports, page, 1.

2.  An agreement to give a mortgage to secure a debt long after
same is made and not based on any consideration is not enforce-
able even as between the parties.

G. CLIFTON LONG and R. W. HARRISON for appellees,
JONES and OTHERS.

(No brief.)

OPINION BY JOHN D. CARROLL, COMMISSIONER.—
Reversing.

On October 27, 1902, Robert S. Jones executed to J.
W. Bowles, his landlord, a rent note for $450, due on
or before January 1, 1904, for the rent of a farm for
the year 1903. In September, 1903, Jones entered
into a contract with the executor of Bowles to rent
the farm for the year 1904, and as a part of this con-
tract he agreed "to mortgage the live stock and im-
plements and the present crop of tobacco to secure
the rental for the present year in addition to the rent
for next year." On February 3, 1904, Jones executed
a mortgage to appellee, the Giant Insurance Com-
pany, on the tobacco raised on the rented farm in
1903 to secure a note for $165 due the insurance com-
pany. This mortgage recites "that the said first
party (Jones) hereby expressly warrants his title
in and to the same against the claim of all persons
whatever except $450 rent claim on tobacco." The
1903 rent was due on January 1, 1904, but the land-
lord did not take any steps to enforce his landlord's
lien on the tobacco raised in 1903 by Jones on the
rented premises within the time permitted by the
statute, and it conceded that the landlord has no
statutory lien on the tobacco. In June, 1904, and
before all of the 1903 tobacco crop was sold, the
appellees Wall Bros. and McGee obtained attach-
ments and had them levied on the tobacco. After-
ward, the appellant landlord, brought this suit in
equity against the tenant, the attaching creditors,
and the insurance company, setting up that he had a
lien on the tobacco and on the proceeds of that part of
it which had been sold, and asked that his lien be ad-
justed priorly over the mortgage of the insurance
company and the liens of the attaching creditors.
The insurance company and the attaching creditors
denied that the landlord had a superior lien, and as-
serted by appropriate pleadings their claims and

liens. Pending the litigation, the tobacco was all sold and the proceeds paid to the court receiver. On a hearing of the case, the court adjudged the landlord a lien on the proceeds as against the tenant but held his lien to be inferior to the liens of the insurance company and the attaching creditors—giving to the insurance company priority over the attaching creditors, and directing the receiver to pay the claims in the order mentioned, including the costs of McGee and Wall Bros., which costs amounted to about $140. Under this judgment, there was only left for the landlord $17.19, and he appeals.

The principal question to be determined is whether or not the landlord by virtue of the contract made in September, 1903, had a lien on the tobacco raised on the rented premises in that year. At the time this contract was entered into the landlord had a lien on this crop for the rent of 1903 which was not due until January, 1904, and although this contract was not recorded, it is the contention of the landlord that it created an equitable lien upon the crop of 1903 to secure the rent for 1903, and that, in a contest between the equities of the attaching creditors and the landlord, the oldest equity must prevail. The Giant Insurance Company insists that its mortgage lien is superior to the lien of the landlord, but this position is not tenable because in the mortgage executed to the insurance company the rent claim for $450 on the tobacco mortgaged to it is expressly mentioned and as between it and the landlord it had actual notice of the landlord's claim for $450, it must be held to have taken its mortgage subject to this claim, and will not be permitted in the face of the recitals in the instrument under which it asserts a lien to say that its lien is superior to that of the landlord. On June 15, 1904, and while the tobacco or most of it was on the rented premises, the tenant executed to the landlord a mortgage which was put to record on the day of its execu-

tion. This mortgage recites that "in order to secure the rent for 1904, which is evidenced by a promissory note of the party of the first part of this date, for $450 due December 1, 1904, and any balance that may remain due on the rent for 1903, after exhausting his present crop of tobacco which has already been mortgaged for the rent of 1903, the party of the first part has this day mortgaged," etc. It appears that the claim of the attaching creditor, H. C. McGee was created on April 11, 1904, and the account of the attaching creditor Wall Bros., was created during the year 1904; therefore both of these claims were created subsequent to the agreement between the tenant and the landlord made in September, 1903, and the attachments obtained by these creditors which were issued before the mortgage of June 15, 1904, was lodged for record take precedence to the unrecorded and hidden lien of the landlord in the contract made in 1903. Wicks v. McConnell, 102 Ky. 434, 43 S. W. 205, 20 Ky. Law Rep. 86.

The respective priorities and liens of the parties then are as follows: The landlord's lien is superior to that of the Giant Insurance Company, but inferior to the lien of the attaching creditors. The lien of the Giant Insurance Company is superior to that of the attaching creditors, but inferior to the lien of the landlord; and as to the landlord, the attaching creditors have a prior lien, as to the Giant Insurance Company a junior lien. There is, however, no doubt that the landlord's lien is superior to that of the insurance company, and the mere fact that the lien of the attaching creditors is superior to that of the landlord ought not to prejudice the rights of the landlord as between him and the insurance company. The amount in the hands of the receiver to be distributed among these lienholders was $295.91, and as the landlord's lien is greater than this sum, the landlord, as against the insurance company, is entitled to the whole of it,

but, out of this fund as between the landlord and the attaching creditors, their claims must be first paid, and when paid the landlord is entitled to the remainder of the fund. A question is made about the costs taxed in this action, but this must be settled by the lower court.

The judgment is reversed for proceedings in conformity to this opinion.

On motion to correct opinion as to costs.

Carroll.—The judgment rendered herein is so corrected that all the costs shall be taxed against appellees Robert S. Jones and the Giant Insurance Company.