## Frick & Lindsay Company v. Lantz & Ogden, et al.

(Decided May 25, 1923.)

### Appeal from Knox Circuit Court.

Attachment—Affidavit Must Expressly State Plaintiff's Claim is Just.—Under Civil Code of Practice, section 196, requiring an affidavit for attachment to show the nature of plaintiff's claim, that it is just, and the sum the claimant believes plaintiff ought to recover, the affidavit must expressly state that the claim is just, it being insufficient that it states facts showing the claim to be just.

M. A. GRAY for appellant.

H. H. OWENS and B. B. GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming

This is a controversy between attaching creditors of the Wyonypa Oil Company. The common law suits in which the claims were asserted were consolidated and heard together. Appellant's attachment was the first to be issued and levied, but on the hearing of the consolidated cases it was discharged, and the claim thereunder held inferior to the claims of appellees. The ruling of the trial court in this respect is complained of on this appeal.

The decision of the lower court was based on the ground that the affidavit, which was in fact the verified petition, was not sufficient under section 196 of the Civil Code. That section, among other things, requires that the affidavit shall show the nature of the plaintiff's claim, that it is just, and the sum the affiant believes the plaintiff ought to recover. Neither the affidavit nor the petition of appellant states that its claim is just. It is contended, however, that the express statement is not essential to the validity of the attachment if, as in this case, the averments of the petition show facts from which the inference must be drawn. In this connection it is pointed out that the Code does not require the affidavit to state that plaintiff's claim is just, but to show that it is just.

There is much force in this contention, but we have heretofore held to the contrary in Taylor v. Smith, 17 B. Monroe 536; Anderson v. Sutton, 2 Duvall 480; Bailey v. Beadles & Bolinger, 7 Bush 383; Moore v. Harrod, 101 Ky. 248. The argument made here could have

been made with the same reason in those cases, notwithstanding which it was held that the Code expressly requires that the affidavit state that the claim is just. In the last mentioned case the court said: "Thus in Taylor v. Smith, 17 B. Monroe 542, which was an action upon a promissory note, it is said: 'The affidavit states that the affiant believes that the plaintiff ought to recover the amount of the note sued on, but fails to state that he believes the demand to be just. This latter statement, as well as the other, is expressly required by the Code, and it is not for us to dispense with it.' (Bailey v. Beadles, 7 Bush 383.) We must regard this point, therefore, as a settled one."

Whatever may be our views as to what requirements the legislature intended to establish by this section of the Code, and as to what we would do if called on to construe it as an original proposition, we must be controlled by the previous decisions of this court which, as will be observed, hold that the affidavit must state that the claim of the plaintiff is just. Under that established rule the judgment discharging the attachment is affirmed.