## Dallas, et al. v. Frist National Bank, et al.

(Decided November 13, 1923.)

### Appeal from Allen Circuit Court.

1. Judicial Sales—Failure to Advertise Does Not Invalidate Sale.— Failure to advertise a judicial sale in a newspaper, as required by Ky. Stats., section 14a-1, does not render the sale void, but is a ground of exception for which the sale should be set aside.

2. Vendor and Purchaser—All Lienholders should be Made Parties to Action to Enforce Vendor's Lien.—In an action to enforce a vendor's lien, all lienholders should be made parties, in order to avoid a multiplicity of suits and a sacrifice of property, and to insure fairness in the sale and invite competition in the bidding, under Civil Code of Practice, section 692.

3. Judicial Sales—Failure to Advertise Sale, etc., Held Ground for Setting Aside on Exceptions.—Where judicial sale was not advertised in a newspaper, as required by Ky. Stats., section 14a-1, and a lienholder was not made a party to the action, as required by Civil Code of Practice, section 692, and where the gross inadequacy of price was not denied, the sale should have been set aside on exceptions thereto.

F. R. GOAD for appellants.

OLIVER & DIXON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

As part of the purchase price for a fifty-acre tract of land in Allen county, B. P. Dallas and F. A. Dallas executed to J. H. Yates their note for $2,000.00, due on or before February 1, 1921, and secured by a lien on the property. The First National Bank purchased the note before it was due, and brought suit to enforce its lien. The property was sold and W. H. Harris and T. B. Dixon were the purchasers at the price of $2,300.00. The defendants in the action filed numerous exceptions, which were overruled. The defendants appeal.

The principal grounds of exception were (1) failure to advertise the sale in the newspaper; (2) failure to make a lienholder a party; (3) gross inadequacy of price.

In addition to the posting of notices, the statute requires all public sales of any kind of property to be advertised in some newspaper, if one be published in the county, unless otherwise agreed upon by the parties. Section 14a, subsection 1, Kentucky Statutes. While the judgment recites that notice in the newspaper was waived, it is admitted that this provision of the order was inserted pursuant to a custom prevailing in the county, and that, as a matter of fact, there was no actual waiver by the defendants.

It further appears that the Scottsville Builders' Supply Company, which had a materialman's lien on the property, was not made a party to the action as required by section 692, Civil Code, and that it was announced at the sale that the property was sold subject to its lien.

In support of the contention that the price was grossly inadequate defendants filed the affidavits of several farmers stating that the land and improvements, exclusive of the Delco electric light plant and electric light fixtures, were worth more than $8,500.00, and there is no evidence to the contrary.

Though a failure to advertise in a newspaper, as required by the statute, will not render a judicial sale void, it is a ground of exception for which the sale should be set aside. Bank of Cerulean Springs v. Gardner, etc., 134 Ky. 632, 121 S. W. 608. Not only so, but to avoid a multiplicity of suits and a sacrifice of property, as well as to insure fairness in the sale and invite competition in the bidding, it is important that all lienholders should be before the court. Leonard v. Welch, 76 S. W. 338. And when there has been a failure not only to advertise in conformity with the statute, but to make a lienholder a party, coupled with the undenied showing of gross inadequacy of price, we feel impelled to hold that the sale should be set aside.

Judgment reversed and cause remanded for proceedings consistent with this opinion.