# Hart County Deposit Bank et al. v. Hatfield et al.

(Decided December 19, 1930.)

726

HAYNES CARTER for appellants.

FAUREST & FAUREST for E. T. Walker.

D. M. COOPER for Hatfield & Hatfield.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This appeal presents a question of priority among several liens claimed by creditors of G. M. Rider. The Hart County Deposit Bank claims a first lien by virtue of a chattel mortgage. E. T. Walker bases his claim of

lien upon an execution, and H. M. Hatfield asserts an attachment lien. The circuit court adjudged the mortgage subordinate to both of the other lien claims, and the bank has prosecuted an appeal. It is insisted that the bank did not obtain priority by virtue of its recorded chattel mortgage because the description of the property therein contained was insufficient to afford constructive notice of its contents. Another ground of invalidity is asserted, but the conclusions we have reached render it unnecessary to notice it. The description in the mortgage was as follows:

"Two black horse mules, nine and ten years old; two bay mare mules, nine and ten years old; two bay horse mules, old; Four hundred (400) bushels of corn; 1 Acre of tobacco; six (6) tons of hay; two (2) cows; all farming tools, consisting of two (2) wagons, three (3) cultivators, two walking plows, one riding plow, one tobacco setter, one disc harrower, one smooth harrower, one mower."

The mortgage failed to give the address of the mortgager, the location of the property, or other descriptive details. It did not expressly state the ownership of the property, or mention the county or state where it could be found. The usual method of describing personal property of the character involved is by reference to the present ownership, the source of title, the present physical possession, the usual location, or some particular description of the property sufficient to identify it or to distinguish it from other similar things. We are constrained to the conclusion that the description in the present instrument was not sufficient to conform to the established rule upon that subject. Hauseman Motor Co. v. Napierella, 223 Ky. 433, 3 S. W. (2d) 1084. Since constructive notice was not imparted by the recording of the mortgage, the holder thereof did not obtain priority over the execution lien acquired by Walker. Ky. Stats., sec. 496; American Nat. Bank v. John Van Range Co., 211 Ky. 849, 278 S. W. 133.

But a different question is presented as respects the attachment lien claimed by H. M. Hatfield. His affidavit for an attachment was defective, in that it omitted to state the amount the affiant believed the plaintiff ought to recover. Section 196 of the Civil Code of Practice provides that an order of attachment shall be made by

the clerk of the court in which the action is brought or pending in any case mentioned in section 194, subdivisions 1 and 2, if an affidavit be filed in his office showing: (1) The nature of the plaintiff's claim; (2) that it is just; (3) the sum which the affiant believes the plaintiff ought to recover; and (4) the existence of any of the grounds for an attachment mentioned in subdivisions 1 and 2 of section 194; or, in the case mentioned in subdivision 3 of section 194, if it be shown by such affidavit, or by the return of the sheriff upon the order of delivery for the property claimed, that the facts mentioned in that subdivision exist. It is the rule that the omission of the affidavit for an attachment to state that the claim is just is fatal to the lien. Frick & Lindsay v. Lantz & Ogden, 199 Ky. 354, 251 S. W. 196. The same rule necessarily applies when the affidavit omits to state the sum which the affiant believes the plaintiff ought to recover. Moore v. Harrod, 101 Ky. 248, 40 S. W. 675, 19 Ky. Law Rep. 406; Worthington v. Cary, 1 Metc. 470. It is apparent, therefore, that the defective affidavit did not furnish the basis for a valid attachment lien.

The plaintiff in the action for an attachment filed an amended affidavit correcting the defect. He had a right to do so under section 268 of the Civil Code of Practice, which authorizes a plaintiff by an amended affidavit, conforming to section 196, to cure a defect in the affidavit upon which he obtained an attachment; but the lien created by the amended affidavit does not affect a right to or lien previously acquired upon the property, by attachment or otherwise. Bamberger v. Moayon, 91 Ky. 517, 16 S. W. 276, 13 Ky. Law Rep. 102; Harbour-Pitt Shoe Co. v. Dixon, 60 S. W. 186, 22 Ky. Law Rep. 1169; Northern Lake Ice Co. v. Orr, 102 Ky. 586, 44 S. W. 216, 19 Ky. Law Rep. 1634. The question then arises whether the mortgage lien of which the attaching creditor had meanwhile obtained actual notice thus acquired priority over the attachment lien. A chattel mortgage is not required to be in writing (5 R. C. L., sec. 12, p. 302; 11 C. J. sec. 9, p. 405), and is good between the parties as well as against creditors or purchasers who have actual notice or knowledge of the mortgage and of the particular property intended by the parties to be covered thereby. Miles v. Blanton, 3 Dana, 525; Bowles' Ex'r v. Jones, 123 Ky. 395, 96 S. W. 1121, 29 Ky. Law Rep. 1022; Woods v. Davis, 158 Ky. 99, 154 S. W. 905; Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S. W. 924; Holt v.

Farmers' Loose Leaf Tobacco Warehouse, 201 Ky. 184, 256 S. W. 6.

The insufficient description in the mortgage, which was valid between the parties operated merely to deprive the instrument of its character as constructive notice by reason of the recordation. But, before the amended affidavit for an attachment was filed, the attaching creditor had full notice and knowledge of the rights of the bank under the mortgage, and consequently the bank acquired a contract lien as against him before the amended affidavit for an attachment was filed. Cf. Dengler v. Krell-French Piano Co. (Ky.) 119 S. W. 757. It follows that the bank was entitled to priority over the attaching creditor in a distribution of the proceeds of the property attached and intended by the parties to be covered by the mortgage.

The judgment is reversed, with directions to award the bank priority in the distribution of the funds, as against the attaching creditor, but subordinate to the rights of the execution creditor.

Whole court sitting.

Judges Logan and Grigsby dissent from the decision respecting the insufficiency of the description in the chattel mortgage.