# Howard et al. v. Howard et al.

(Decided May 19, 1931.)

B. M. LEE for appellants.

C. B. SPICER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

On December 10, 1925, the appellee, who is one of the defendants in this action, filed an equity petition in the Harlan circuit court against Willis Harlan Coal Company, a corporation, in which he sought the recovery of a judgment against it for the sum of $272.55, "same being for goods, wares and merchandise furnished the defendant at the defendant's instance and request"; and ground II of section 194 of the Civil Code of Practice was incorporated in the petition for the purpose of attaching the property of the defendant therein. The summons was served the next day after the filing of the petition on W. A. Warren, "General Mgr., and highest officer of Willis Harlan Coal Company." The sheriff's return on the order of attachment that the clerk issued upon the filing of the petition was in these words:

"Executed by handing a true copy of this attachment to W. A. Warren, General Mgr., and highest officer Willis Harlan Coal Company, and levy on commissary."

On February 6, 1926, a default judgment was taken against the coal company for the amount of the claim sued on, and the attachment was sustained and an order of sale was entered directing the sheriff of the county to sell in satisfaction of the judgment six mules alleged to have been attached as the property of the defendant in that case, and the order then recited that, if there was not enough realized from that sale to pay the judgment, interests, and costs, then the sheriff was directed to sell a certain piece of land that belonged to the defendant in that action and all of which was entered upon the theory that each species or item of property directed to be sold had been attached in the cause, when the fact was that the return of the sheriff on the attachment showed that it was levied only on the ''commissary'' of the coal company, the defendant therein. However, it might here be stated that in the instant litigation it was contended that, before the default judgment was entered in that case, a supplemental or amended return of the sheriff on the order of attachment was made, but no record of any such amendment is shown or offered to be proven except by the parol testimony of the attorney for plaintiff in that action, and by that of the deputy sheriff who claims to have executed the order of attachment, and their testimony upon that subject, if competent for the purpose (but clearly it was not), is so hazy and threadbare as to render it entirely incredible. On the contrary, it tends to the establishment of an effort on the part of the witnesses, and on the part of the plaintiff in that action, to create a record that never existed and by such collusive action to confirm the title to the lot or small tract of land alleged to have been attached, in the vendee of E. M. Howard, who was and is the appellee, Nathan D. Bradford.

The sheriff under the order of sale first sold the six mules as the court directed him to do, and the plaintiff in the judgment bought them at the price of $590.50, which was the amount of his judgment, interest, and costs, including an item for a feed bill for the mules of $236.83. Notwithstanding that sale (of property which the sheriff's return showed had not been attached), the sheriff later proceeded to advertise and sell the lot or parcel of land that was also adjudged to be sold, upon the theory that it had been attached, when it had not, and the plaintiff in the judgment bought it at that sale for $600, and later procured an order for the master commissioner of the court to execute to him a deed there-

for, which was done. Within less than a week after obtaining that deed he sold the lot, or claims to have done so, to the appellee and intervener in this case, Nathan D. Bradford.

A few days after E. M. Howard filed the action that we have been discussing, the appellants and plaintiffs below herein filed their separate petitions against the coal company in the same court, in each of which they obtained orders of attachments against the defendant and certain property of it was attached therein, including the property that the sheriff sold in the action supra, of E. M. Howard against the coal company. It was also made to appear that, long prior to the filing of any of the actions to which we have referred, Brittian Howard, one of the plaintiffs in this action, but who has died since the rendition of the judgment appealed from and the appeal has been revived in the name of his successors in title, leased certain coal lands to the coal company, the defendant in those cases, and it defaulted in the payment of rental royalties to him to an amount of more than $1,000, and he had accepted from the coal company a writing acknowledging that indebtedness and putting in lien to him not only the property that he had leased, but also all of its other property, including the lot or tract of land involved in this litigation, and which is the same that the sheriff sold in the case of E. M. Howard against the coal company above referred to. That writing was of record at the time that E. M. Howard filed his action in the Harlan circuit court, and of course, if the levy of his attachment on that real property had been valid in all respects, it would have been subordinate to the rights of Brittian Howard emanating from the recorded writing referred to.

This action was filed by Brittian Howard and two other plaintiffs, who had obtained attachments and judgments against the coal company on the same day or near thereto that Brittian Howard filed his action against the coal company, against E. M. Howard, and the facts above recited, together with others not necessary to be incorporated herein, were alleged, and plaintiffs averred that the sale of the lot of land to E. M. Howard because of such alleged facts was void, and that the deed executed to him by the master commissioner was likewise void. They therefore prayed judgment to that effect and that the commissioner's deed be canceled and held to be of no effect, and for other relief to which the facts might entitle them. The answer, as well as the intervening

petition of Bradford, controverted some, if not all, of the material allegations contained in the petition, and made other affirmative allegations in other paragraphs in support of their defense, but which, as will hereinafter appear, are not necessary to state, much less discuss or determine. Following pleadings, after the filing of numerous demurrers and making many motions, made the issues, and the court, after defendants had taken their testimony and on their motion, submitted the cause over the objection of plaintiffs' counsel, and adjudged that Bradford was the legal owner of the involved lot of land, and quieted his title thereto, from which plaintiffs prosecute this appeal.

The judgment appealed from is so replete with prejudicial errors that we are puzzled to know just where to begin the discussion. However, since at least two of them are fatal to the judgment sustaining the attachment in the E. M. Howard case against the coal company, and the order of sale thereunder, including all subsequent steps to enforce it, while others are only erroneous and might be corrected on a return of the case, we have concluded to confine our opinion to a consideration of such fatal errors, which are: (1) That there was never any affidavit made by plaintiff in the E. M. Howard case or by any one for him to procure the attachment under which the mules and the lot of land were sold. The certified copy of the petition in that case is a blank one, subscribed by neither client nor attorney, and there is not to be found in the record any other affidavit or amended petition curing that defect by setting out grounds for attachment or otherwise, and (2) the language contained in the petition purporting to set out the grounds of attachment issued in the E. M. Howard case do not conform to the requirements of section 196 of the Civil Code of Practice, in that it is nowhere stated "the sum which the affiant believes the plaintiff ought to recover," nor any substantially to that effect.

It surely requires no argument or extended elaboration to demonstrate that an attachment issued without affidavit is utterly void, and all subsequent orders and judgments relative thereto, affecting the attached property, if any made under such void process, are likewise void. For this error alone the court should have dismissed all of the pleadings of defendants E. M. Howard and Nathan D. Bradford, his vendee, seeking to quiet the title of the latter in and to the involved parcel of land.

But, it is argued that Bradford was an innocent purchaser of that lot from Howard, and because thereof he obtained a perfect and valid title to the lot, and which is an argument that, to say the least of it, is a very novel one. It necessarily proceeds upon the assumption that a vendee without notice under a deed from his vendor obtains a good title to the property conveyed, notwithstanding his vendor had no title thereto whatever, and which is the contention for a principle of law with which we have not heretofore met in about thirty-five years' continuous service as an attorney and a member of this court. E. M. Howard at the time of his sale to Bradford had no other title to the property therein conveyed except that which was transferred to him by the master commissioner's deed and which deed was based upon a void sale under a void judgment as we have above pointed out, and his vendee obtained no better title to the land than he could convey thereto. Bradford, even if an innocent purchaser, but which we are convinced from the testimony in the case was not true, is in no better position than if he were not so, and this argument is manifestly without merit.

Error 2, supra, was before us for determination in the very recent case of Hart County Deposit Bank v. Hatfield, 236 Ky. 725, 33 S. W. (2d) 660, 662, and in which we held that the failure of the affidavit for the attachment to state "the sum which the affiant believes the plaintiff ought to recover," as contained in subsection 3 of section 196 of the Civil Code of Practice, was fatal to the attachment, and gave to the plaintiff no lien on any property that might be levied on thereunder. In arriving at that conclusion, we said, inter alia, in that opinion: "It is the rule that the omission of the affidavit for an attachment to state that the claim is just is fatal to the lien. Frick & Lindsay v. Lantz & Ogden, 199 Ky. 354, 251 S. W. 196. The same rule necessarily applies when the affidavit omits to state the sum which the affiant believes the plaintiff ought to recover. Moore v. Harrod, 101 Ky. 248, 40 S. W. 675, 19 Ky. Law Rep. 406; Worthington v. Cary, 1 Metc. 470. It is apparent, therefore, that the defective affidavit did not furnish the basis for a valid attachment lien." Following that holding, it results that the attachment in the E. M. Howard case was void, even if his pleading had been sworn to by him or by his agent under facts permitting such an affidavit to be so made, and for which additional reason the court erred in rendering the judgment appealed from.

Still another reason which renders and makes void the sale of the lot of land involved in this case is the fact that, when the sheriff sold the mules alleged to have been attached (even if it had been true that they were levied on and the attachment was valid in every respect) for the full amount of the debt of plaintiff in that action, his authority under the judgment to make any other sales of alleged attached property ceased, and he possessed none whatever to thereafter attempt to sell any other alleged attached property, and his pretended sale of the lot to E. M. Howard, the plaintiff in the judgment, conveyed no more title than would have been conveyed by a sale conducted and made by one who was never authorized by the court to make it, and who was a total stranger to the action and to the court. There is no pretense, by pleading or proof in this case, that the sheriff did not first sell the mules in full satisfaction of the debt interest and costs of the judgment in the E. M. Howard case, including the feed bill referred to; but Howard's attorney in that case in giving his deposition in this case, testified that between the date of the attachment, December 10, 1925, and the day of sale, not later than two months thereafter, the value of the feed consumed by the mules, which were delivered to E. M. Howard by the sheriff, amounted to more than what they brought at the sale, but which testimony is not only not supported by the record, but is in absolute contradiction of it, and that too without any pleading whatever to support any such contention.

We repeat that the record as presented to us shows that the mules were sold for an amount sufficient to pay the judgment, interest, and costs and a feed bill amounting to $236.83, which we are convinced, especially in the absence of proof to the contrary, was amply sufficient to supply their necessary feed for the short time that E. M. Howard possessed the mules before the date of their sale. This opinion could be lengthily extended in pointing out and discussing the numerous patent errors in this record authorizing a reversal of the judgment, but the fatal ones which we have hereinbefore discussed force the conclusion that defendant and appellee E. M. Howard obtained no title to the involved lot by virtue of his purchase under the sheriff's attachment sale, or from the deed executed to him by the master commissioner of the Harlan circuit court, and that his vendee, Bradford, acquired no superior rights in and to the lot by the inter partes deed that E. M. Howard executed to him,

although that transaction may have been bona fide and without notice on the part of Bradford, but which is extremely doubtful.

For the reasons stated the judgment is reversed, with directions to set aside the sale of the lot attached in the suit of E. M. Howard against the coal company, and to cancel the deed of the master commissioner therefor to E. M. Howard, and to adjudge the order sustaining his attachment in that case void and of no effect, to dismiss the claims of title to the lot of both E. M. Howard, and Bradford, and for other proceedings consistent with this opinion.