## Kengreen Gas Utilities Corporation et al. v. Crozer et al.

(Decided June 10, 1932.)

BOOTH & CONNER, H. G. BEDINGER, and CARL P. KING for appellant.

C. F. KELLY for Hugh Crozier.

ALLEN, BOTTS & DUNCAN for Smith and Young.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing in part and affirming in part.

The appellee and plaintiff below, Hugh Crozer, filed this action on July 30, 1931, in the Fayette circuit court against the appellant and defendant below, Kengreen Gas Utilities Corporation, and in his petition he sought the recovery of a judgment against it for $2,101.50, for alleged services rendered and performed by him for the benefit and at the instance and request of defendant, and for which it agreed to pay him the prices charged. There were two items of service set out in paragraphs I and II of the petition, the one in paragraph I amounting to $1,-976.50, and the one in paragraph II amounting to $125, making the total sum sued for. Paragraph III of the petition contained only the affidavit and grounds for an attachment, for which process the petition also prayed. The record brought to this court contains no order of attachment, but only the return of the officer thereon; but, since all parties discuss the case as though an order of attachment did issue, we will assume it to be a fact.

The sheriff of Pulaski county, to whom the attachment was directed, made a return showing that he levied it on 900 pieces of 6-inch iron piping resting on the railroad right of way in Somerset, and on similar piping laid in the ground on some six or seven streets in that city. Nothing was said in the return of the officer about attempting to impound in any way a franchise for the

installation of a gas system in Somerset that was then owned by the defendant. The summons was served on A. T. W. Manning, the designated agent of the foreign corporate defendant, upon whom service of process might be made for it, on September 9, 1931. Defendant had an attorney resident in Lexington, and he became aware that the suit had been filed and the process served as indicated. Also the copy of the summons delivered to the designated agent for service was sent to the home office of defendant. Notwithstanding such facts, nothing was done, and no defense interposed or any preliminary motion entered by defendant, and on October 3 of the same year the petition was taken for confessed, and a judgment rendered in favor of plaintiff against defendant for the full amount sued for. The attachment was also sustained and a judgment of sale for the enforcement of that lien was entered, and in it the sheriff of Pulaski county was appointed special commissioner of the Fayette circuit court to make the sale.

The order of sale directed that, not only the property shown in the return on the attachment be sold but also the franchise to construct and operate a gas plant in the city of Somerset likewise be sold by the special commissioner. The day of sale was fixed for October 19, 1931, on a credit of three months and the taking of a bond from the purchaser, due at the expiration of that time, for the amount of the bid. The order of sale also required that, before one could become a bidder, he was compelled to deposit with the special commissioner $100 at least one hour before sale, and that, if he was the successful bidder, he was required to execute a bond for the purchase price within one hour after his bid was accepted. The order also required the property to be appraised, and that the sale be advertised for at least 10 days next before it was made, and that it should be advertised ''in one issue of the Somerset Journal,'' which is a newspaper of general circulation in the city of Somerset.

Pursuant thereto, the special commissioner advertised the sale for October 31, on terms directed therein, but, when he received the necessary papers to effectuate that order, it was too late to give the 10 days' notice of the sale for the 19th, as the order directed; whereupon, and on October 24, 1931, an amended order of sale was

entered by the Fayette circuit court directing the sale to be made on October 31, 1931, which date had already been fixed by the special commissioner in advertisements he had already posted. At the sale the property was appraised at $5,000, and Smith and Young, who from this record appear to be partners, became the purchasers at the price of $3,000, and they executed what purported to be a purchase bond for that amount, but which was subscribed only by themselves, they both being principals. The sale was reported, and there is nothing in the report to indicate that its advertisement was made in any other manner than was directed in the order of sale, a part of which was, as we have seen, an advertisement "in one issue" of the Somerset Journal.

The day before the sale, and on October 30, 1931, some creditors of the defendant Kengreen Gas Utilities Corporation, in an action pending before the United States District Court for the Eastern District of Kentucky, applied for and obtained a domestic. or ancillary receivership for the assets of defendant in this jurisdiction, and L. R. Flori was appointed and qualified on that day as such receiver. The order appointing him and defining his jurisdiction was sufficiently comprehensive to include the property attached in this case. In due time he appeared in the Fayette circuit court and moved it to set aside the default judgment and order of sale for reasons therein presented, and which, as we construe them, were sufficient to include the relief of a discharge of the attachment, but which was unnecessary if the proceedings for the attachment were so defective as to be void. In the latter case no rights to any one, including the supposed purchasers, were thereby acquired.

A number of grounds for the setting aside of the sale, and against its confirmation, were contained in the motion made therefor by the receiver; but we deem it necessary to specify only three of them, and which are: (a) Error in the order of sale directing that a purchaser would be required to deposit $100 with the special commissioner at least one hour before the beginning of the sale; (b) invalid advertisement of the sale; and (c) the invalidity of the attachment because of insufficient affidavit. The court overruled all the motions made by the receiver and confirmed the sale, and, complaining thereof, this appeal is prosecuted by him as well as by the defendant.

It will be perceived that there are three questions to be determined: (1) Whether or not the court erred in overruling the motion to set aside the default judgment and to permit the tendered answer to be filed; (2) whether or not any of the grounds for setting aside the sale, but permitting the attachment lien to prevail to be enforced by future orders, were meritorious; and (3) whether or not the affidavit for the attachment was so defective as to not authorize the suing of that process? It will be noted that grounds (a) (b), and (c), supra, pertain exclusively to the attachment and the order of sale made thereunder, and have no reference to question 1 relating to the setting aside of the judgment, which latter we will now proceed to determine.

1. A great number of cases from this court are cited and relied on to sustain the contention that the court erred in overruling the motion to set aside the judgment and to permit the tendered answer to be filed, and from them it is to be gleaned that in this jurisdiction a very lenient rule has been established and followed in regard to such matters, and especially when the motion was made at the same term of court at which the default was taken. However, none of them announce the broad principle that the defeated litigant is always entitled as a matter of right to a reconsideration of his case. Therefore, when there appears no mitigating circumstances to excuse his failures, and no unfair action or conduct on the part of his adversary is shown, and no other excuse offered other than mere neglect and gross inattention to the process of the court, the opinions relied on, while acknowledging the leniency referred to, do not authorize us in sustaining the motion under the facts developed by this record. The suit was filed more than two months before the default judgment was taken, and service was had for nearly a month prior thereto. It appears that the local attorney of defendant soon became possessed with knowledge of the filing of the action, and the resident process agent notified defendant at its home office in more than sufficient time to enable it to take some action in the matter. To sustain the contention of counsel in this case and to set aside that judgment would be to ignore and to cast aside all rules of practice that have been promulgated and applied for the stability of judgments and for respect of courts and their processes. If such a rule should be approved under the facts of this case, litigants could utterly disregard the process of the

court and obstructively consume its time in reconsidering matters already passed on, and which they could have prevented by the exercise of the slightest diligence.

The defendant in this case (the corporation) offers no excuse for its gross inattention to, and disregard of, the summons legally served upon it. On the contrary, it leaves the task of lifting the burden of the judgment from its shoulders entirely to its receiver, since, in the fight made for that purpose by him, not an officer of the company came to his rescue in order to show or point out any legitimate reason why an appearance in obedience to the summons was not made. We therefore conclude that the court properly overruled the motion to set aside the judgment in favor of plaintiff against the defendant for the amount claimed, and to that extent the judgment appealed from was proper.

2. Question 2 involves grounds (a) and (b), supra, which will be considered and determined in the order named. It is argued by learned counsel for plaintiff, and by the purchasers of the property, that, while it may have been error for the court to require in the order of sale that the prospective bidders should deposit with the special commissioner $100 before the beginning of the sale, yet it was not prejudicial in this case, because the commissioner in conducting the sale ignored that part of the judgment and did not exact such deposit, and the case of Guest v. Foster, 159 Ky. 1, 166 S. W. 620, is cited in support of that contention. In that case the order of sale directed that the commissioner require a payment of $200 by the successful bidder immediately after the sale was made. This court held that under the facts appearing in that case the error of the court was harmless, and for which reason it could not have the effect of invalidating the sale. But that case dealt with only a portion of the entire order in the instant one. In this case, besides the order of sale requiring such a deposit by the successful bidder after the sale was made to him, it also required that, before he was allowed to become a bidder, he should make an advance deposit of $100 at least one hour before the beginning of the sale.

Clearly the court was in error in directing such a requirement, and the reasoning of the Guest opinion does not reach its prejudicial effect, although the commissioner in this case did not observe that requirement. The reason why its nonobservance did not remove its prejudi-

cial effect is that it was calculated to deter prospective bidders from attending the sale, or from bidding thereat if they did attend it. We think it requires no argument to support that conclusion, and that this ground for setting aside the sale should have been sustained.

Ground (b), included in this question, would likewise, as we conclude, be fatal to the sale, if it be a fact that its advertisement appeared in only one issue of the Somerset Journal. Section 14a-1 of our present Statutes requires all judicial sales of any kind of property, including those made under execution, to be advertised in some newspaper published in the county where the sale is had, if one is published in that county, for "at least once a week for three consecutive weeks next preceding the day of sale." But, if the paper so published be a daily one, then such notice of sale shall be published "for three consecutive days next preceding the day of sale." The order in this case required only a publication in the Somerset Journal in only one issue, whether it be a weekly or a daily one, and which is plainly in direct conflict with the express terms of the statute referred to. There was no waiver of that requirement of the statute in this case, and it was construed by this court in the case of Dallas v. First National Bank, 200 Ky. 826, 255 S. W. 835, as rendering a sale not so advertised erroneous, which the court should set aside on proper motion, based upon that ground.

The presumption is that the commissioner followed the direction of the judgment in making the sale, and there is nothing in the record showing to the contrary. That direction ignored the statute to which we have referred, and renders both the order of sale and the sale itself erroneous, and because of which this ground for setting aside the sale was also meritorious and should have been sustained.

3. Up to this point what we have said affects only the order of sale and the sale made thereunder; and, if the opinion should stop at this point, another sale could be ordered and subsequently made pursuant thereto. But question 3 is directed to the validity of the attachment which, if found to be correct, dispenses with the right to a future order of sale, since in that case the attachment, as well as the supposed lien created by its levy, would be destroyed, and plaintiff would be relegated to such relief as he would be entitled to as a general judgment creditor of the corporate defendant. Also in that event all rights

of the purchasers, Smith and Young, would disappear, and they would pass out of the picture.

Section 196 of the Civil Code of Practice prescribes the essentials of an affidavit to procure an attachment in advance of a judgment in the cause. They are: First, a statement of the nature of plaintiff's claim; second, that it is just; third, the sum which the affiant believes the plaintiff ought to recover; and, fourth, the existence of any of the grounds mentioned in designated portions of section 194 of the same Code. Every opinion from this court dealing with the subject has held that such essentials should be at least substantially complied with, and, if not, the affidavit would thereby be rendered so defective as to destroy the validity of any attachment that might be issued pursuant thereto. In some cases it was so held because the proper grounds set out in section 194 were not stated in the affidavit, while in other opinions the attachment was declared invalid because the affidavit failed to state that the claim sued on was just. Frick & Lindsay Co. v. Lantz & Ogden, 199 Ky. 354, 251 S. W. 196. Others held the attachment invalid where the affidavit failed to state the sum which affiant believes he ought to recover. Moore v. Harrod, 101 Ky. 248, 40 S. W. 675, 19 Ky. Law Rep. 406; and Worthington v. Cary, 1 Metc. 470; Hart County Deposit Bank v. Hatfield, 236 Ky. 725, 33 S. W. (2d) 660, 662; Howard v. Howard, 239 Ky. 160, 39 S. W. (2d) 245.

In the Howard case the alleged affidavit for attachment was not sworn to, but as it was written it contained no statement as to the amount that plaintiff believed he ought to recover, and we held that, if the drafted affidavit had been sworn to, it would have been insufficient for failing to state that necessary fact which, under the opinions referred to, is a mandatory one, and must, we repeat, be substantially complied with. As early as the case of Williams v. Martin, 1 Metc. 42, it was held by this court that an affidavit, when so framed and constructed as that the affiant is made to say that "he believes that he believes," is no affidavit at all. Some of the cited cases approvingly adopt the interpretation of the Williams opinion, and others are listed to the same effect in some of those opinions. In the very recent case of Colovas v. Allen Motor Co., 242 Ky. 93, 45 S. W. (2d) 809, 810, the question was again before this court, and an attachment issued upon an affidavit so framed was held to be invalid,

and that its levy created no lien upon the defendant's property.

Referring directly to the point under consideration, the Colovas opinion said:

"Reading the body of the affidavit and the verification together, the plaintiff merely states that to the best of his knowledge and belief he believes the defendant does not have sufficient property in the state of Kentucky, etc. Attachments are summary proceedings and their technical requisites are strictly construed. Clolinger v. Callahan, 204 Ky. 33, 263 S. W. 700. The facts necessary to procure an attachment must be charged directly and possitively and not on belief, or information and belief. Where the affidavit states that the affiant believes the facts therein, but is sworn to as true and not on belief merely, or where the affidavit states the facts directly, and it is sworn to on information and belief, it is in either instance sufficient. Williams v. Martin, 1 Metc. 42; Ryon v. Bean's Administrator, 2 Metc. 137."

In the Howard opinion we approvingly referred to the case of Hart County Deposit Bank v. Hatfield, supra, in which it was held that the failure to state the "sum which the affiant believes the plaintiff ought to recover" was fatal to the attachment, and in which we concluded, as was also done in the Hatfield opinion, that an attachment issued upon such defective affidavit was void and created no lien upon defendant's property even if levied.

In this case there is no independent affidavit for the attachment, and all the supporting facts as a basis therefor are stated in paragraphs I and II of the petition, while the grounds therefor as required by section 194 of the Code are stated in paragraph III of the petition. In paragraph I of the petition, in which the $1,976.50 is sought to be recovered, the language is: "Plaintiff says he should recover thereon as he verily believes the full sum of $1976.50." In paragraph II, in which the additional $125 is sought to be recovered, the language is, "and that he ought to recover thereon, as he verily believes, the full sum of $125.00." In the affidavit to the petition, which is the only one in support of plaintiff's right to an attachment, he states: "Hugh Crozer, upon his oath, says that he is the plaintiff in the foregoing petition, and that the statements contained therein are

true *as he verily believes.*" (Our emphasis.) The affidavits in many, if not all, of the cases, supra, are substantially to the same effect, and especially so in the Colovas case, where the condition of the record was practically the same as is this one. The effect of those decisions is that an affidavit which, as drawn, makes the affiant say that "he believes that he believes," is no affidavit at all, and under the cited opinions such a defect renders the attachment wholly invalid.

It might be said, however, that there was no motion made to quash the attachment in this case, nor did the receiver object to the sale on that account, and for which reason it might also be argued that the question of the insufficiency of the affidavit is not presented on this appeal. But we do not so conclude. In the first place, one of the grounds relied on as an objection to the sale is: "Because said petition of said plaintiff will not support the judgment in this action." The judgment was an entirety, and the petition contained the only affidavit upon which the attachment issued, and, if it did not sustain *any* of the relief granted, although it might be ancillary to the cause of action, we conclude that the inserted ground was sufficient to reach it. But, were it otherwise, then the defect in this case, being a fatal one, was broader in its effect than a mere error, and which did not operate to render the action taken wholly invalid. The attachment herein, being void for want of a proper affidavit, rendered the whole proceedings thereunder void, including the order of sale as well as the sale itself, and the purchasers thereunder acquired no more right to appropriate the property under their purchase than did plaintiff to appropriate the proceeds of the sale, since his alleged lien was ineffectual for any purpose. A void procedure confers no right, nor does it take away any, and, that being true, it is not essential that the invalidity should have been relied on in the court below.

It therefore clearly appears that the court erred in sustaining the attachment, in ordering the sale of the property, and in refusing to set aside the sale because of the invalidity of the attachment as pointed out; and also erred in refusing to sustain grounds (a) and (b) supra, and for which reasons the judgment confirming the sale and overruling the motion to set it aside is reversed, with directions to sustain it; but the judgment for the amount sought to be recovered is affirmed.