JUDGE PRYOR
delivered the opinion op the court.
There is no implied warranty of title by the sheriff on a sale of property by him under execution, and the authorities relied on by counsel must be regarded as mere dicta. In the *622 case McGhee v. Ellis & Browning (4 Litt. 244) Ellis, who had purchased the slave at a sale made by the sheriff, had to surrender the property to Brown, who was the real owner and not the defendant in the execution. Ellis then instituted his action against McGhee, the execution creditor, and Micajah Browning, the execution debtor, to recover back the purchase-money. The plaintiff in the execution was held not to be liable, for the reason that he only pursued the legal remedy for the collection of the debt, and was in no manner instrumental in requiring the sheriff to make the levy. The defendant in the execution, however, was adjudged to be liable, for the reason that the purchaser under the execution had paid’ his debt. In discussing the questions involved in that case, and the necessity for affording the purchaser who had lost the property some remedy in order to recover back his purchase-money, this court, although the sheriff was not a party to the action, proceeded to determine that the mere acts of the sheriff in seizing on and selling the property were sufficient to raise an implied warranty of title, and to make the sheriff liable, as well as the defendant in the execution whose debt has been satisfied by the purchaser.
Other cases may be found in which the same doctrine is, in effect, announced by this court, but in no case was the proceeding by the purchaser, who had lost the property by a paramount title, against the sheriff on an implied warranty.
Where the sheriff acts in good faith, or when he levies on and sells property under execution as the property of the debtor, having no sufficient reason to doubt the title, he can not be held responsible, and the doctrine of caveat emptor applies; but when informed as to the existence of an adverse claim, or being in the possession of facts which should place one of ordinary prudence on inquiry in regard to the title, it is his duty to take a bond of indemnity to protect the purchaser as well as the claimant from any defect in the title; or, *623 as to the purchaser, he should at least make known the defects, or the existence of the adverse claim, if any existed, when he offers it for sale. As to the real owner, the sheriff is liable whether he has knowledge of the defect or not, unless he takes the bond of indemnity provided by the Code. He can not take the property of one to satisfy the debts of another without the owner’s consent, and if he does his official position constitutes no defense. (Forsythe v. Ellis, 4 J. J. Mar. 298.)
■ In this case the hogshead of tobacco levied on was shipped to the warehouse in Louisville in the name of the debtor in the execution (Moore) to the care of A. D. Boyd. Craddock, as the agent of Boyd, was at the warehouse of the appellant, and had the tobacco offered for sale in the name of Boyd, and failing to get the price fixed upon it by Boyd, withdrew it from the market. It was offered as Boyd’s tobacco, and the sheriff was informed of these facts by the warehouseman when he levied, and informed the warehouseman that he would not sell without a bond of indemnity. The tobacco had been shipped from a distant county, and Craddock, the agent of Boyd, being informed of the levy, wrote back to the proprietors of the warehouse asking them to see the sheriff and say to him not to sell until he reached Louisville on the morning train of the day (Monday) on which it was to be sold. This letter was shown to the sheriff, and he declined to postpone the sale, and failed to take a bond of indemnity; but acted on the information of the plaintiff in the execution that it belonged to Moore the debtor, and had been shipped in' his name to appellant’s warehouse. The sheriff made the sale, and the purchaser being absent from the warehouse, the money was handed to the sheriff by the appellant. On the same day, and before the purchaser returned to the warehouse, the same sheriff or his deputy making the sale, had an order of delivery in the name of Boyd, the real owner, and took the tobacco from the possession of the appellant, the warehouse *624 man. The purchaser then declined to pay for the tobacco, and transferred to the warehouseman the benefit of his bid, the latter having paid the sheriff the money. The money was paid to the sheriff, at his instance, for the purchaser, and the right of Boyd to the tobacco being clearly shown, we see no reason why the sheriff should not be made liable to refund the money paid, with its interest. The warehouseman had to surrender the tobacco to the sheriff upon his levy, and independent of the satisfaction by the warehouseman of the bid made by the purchaser. . The sheriff was liable to the warehouseman, who was the agent of the real owner, for all the damage he sustained as such by reason of the unlawful seizure. Not only so, the money having been paid over at the instance of the sheriff, when notified of the order of delivery, he declined to refund the money or take any steps to protect himself or the rights of those from whom he had obtained the money.
It seems to us that if the sheriff is not liable in this case, no liability could arise unless his want of official fidelity is to be shown by the existence of actual fraud. This is not imputed to the sheriff; but it was certainly gross negligence in his failure to take an indemnifying-bond. Such a bond, by its express provisions, secures the claimant, and warrants the title to the purchaser. There is no controversy as to Boyd’s ownership, and the innocent party in this case should have his money.
Judgment reversed, and cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.