## McGuire, et al. v. Garrett, Sheriff, et al.

(Decided January 9, 1925).

### Appeal from Powell Circuit Court.

Executors and Administrators—Purchaser Not Relieved for Failure of Title, After Confirmation of Sale and Adjournment of Court.—The doctrine of caveat emptor applies to purchaser at judicial sale of decedent's lands, and, after commissioners' report of sale has been approved, and sale confirmed, and term of court

adjourned, the purchaser cannot be relieved upon the sole ground of failure of title.

JOHN D. ATKINSON and REDWINE & REDWINE for appellants.

B. F. DAY for appellees.

,OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In a suit brought in the Powell circuit court by B. F. Day as administrator of the estate of W. R. Cassidy for the purpose of settling the debts of the decedent and a division of the estate among his heirs and distributees, certain tracts of land were ordered sold and the appellant and plaintiff below, W. T. McGuire, was the highest and best bidder at the commissioner's sale for a certain twenty-acre tract which was accurately described in the petition and in the judgment ordering the sale, and he was reported as the purchaser. He executed bond payable in six months, pursuant to the requirement of the judgment, with the appellee and plaintiff below, H. G. Crabtree, as his surety. Long after the adjournment of the term of court at which the sale was reported and confirmed, and nearly six months after the sale bond became due, the master commissioner obtained an execution thereon and placed it in the hands of the appellee, Garrett, as sheriff of the county; whereupon plaintiffs brought this action against him, the master commissioner and the administrator of Cassidy to enjoin the levying and collection of the execution upon the ground that the bond was without consideration, and in substantiation thereof it was averred that Cassidy did not own the twenty acres of land sold by the master commissioner and purchased by McGuire at the decretal sale, but that it was owned and in the possession of others. There was no averment that the administrator, the master commissioner or any one interested in the estate, directly or indirectly, made any false or fraudulent representations at any time that induced McGuire to purchase the twenty-acre tract; nor was it alleged that there was any misdescription of it. So that, the only fact relied on in the petition for the injunctive relief was that of failure of title in the decedent. The demurrer filed to the petition by defendants was sustained, and plaintiffs declining to plead further it was dismissed, and complaining of that judgment they prosecute this appeal.

A most elaborate brief has been filed in behalf of plaintiffs and a great number of references to text authorities and opinions from this court are made, but none of them has any bearing upon or is in anywise applicable to the precise question presented under the alleged facts. As will be seen, the case is an independent and collateral effort to set aside the sale after confirmation, and after the adjournment of the term of court at which it was made, upon the *sole* ground of a failure of title to the land purchased at the decretal sale.

The Kentucky cases relied on as supporting the contention that the judgment was erroneous and should be reversed are: Doughty v. Moss, 1 Bush 161; Stump v. Martin, 9 Bush 285; Harris v. Gunnell, 10 Ky. L. R. 419; Shuck v. Price, 22 Ky. L. R., 1261; Booker v. City of Louisville, 25 Ky. L. R. 497; Bean v. Haffendorfer, 84 Ky. 685; Morrow v. Wessell, 8 Ky. L. R. 261; Pope v. Erdman, 13 Ky. L. R. 315, and Sullivan v. Wright, 201 Ky. 22 We have carefully read all of those opinions and none of them has any relevancy whatever to the question presented for determination. At least one of them was a suit brought under section 518 of the Code to set aside the judgment because the owner of the land was a mental incompetent at the time the judgment was rendered and there was no guardian, committee or other representative appointed for him in the litigation. Others, and which includes the larger majority of them, were cases where the objection or exceptions to the sale were made either *before* confirmation or afterwards but before the adjournment of the term of court at which it was made. It will furthermore appear from the reading of those cases, or some of them, and others hereinafter referred to from this court, that under some circumstances the purchaser at a judicial sale may obtain relief after the adjournment of the term at which confirmation was made because of certain facts in the nature of misrepresentations, deceit or other fraudulent conduct inducing the purchasing and which are collateral to any fact appearing upon the record, and which relief, when allowed, is given upon the universal ground that no one shall profit by his fraud and not because of any right growing out of a purchaser at a judicial sale who is uninfluenced by any such fraudulent misrepresentations or conduct.

The universal rule appears to be that the doctrine of *caveat emptor* applies to a purchaser at a judicial sale,

but he does not become such a purchaser until his offer or bid is submitted to the court, which with us is the report of sale by the commissioner, and that report has been acted on in such a way as to become final and after which it passes beyond the power of the court to molest or disturb, and that time is, as has been frequently held by this court, when the sale has been confirmed and the term at which it was done expired or was finally adjourned. Harrison v. Shanks, 13 Bush 620; Humphrey v. Wade, 84 Ky. 391; Taylor v. Helm, 5 Ky. L. R. 324; Fearsons v. Gallagher, 7 Ky. L. R. 298; Elkin v. Gill, 9 Ky. L. R. 971; Greer v. Wintersmith, 85 Ky. 516; Ky. Union Co. v. Commonwealth, 128 Ky. 610; City of Middlesboro v. Coal & Iron Bank, 33 Ky. L. R. 469; Dotson v. Merritt, 141 Ky. 155; Fox v. McGoodwin's Admr., 21 Ky. L. R. 1776; Farmers' Bank of Kentucky v. Peter, 13 Bush 591; Beavers v. Nelson, 152 Ky. 319; Beale v. Stroud, 191 Ky. 755, and Rochester v. Owen, 197 Ky. 170.

The later case of Sullivan v. Wright, *supra,* announces no different doctrine, but, on the contrary, expressly recognizes the unanimous holding of this court in the opinions last referred to. In that case there was a misrepresentation by the auctioneer at the sale, who was employed by the commissioner to make it, wherein he announced that a certain house and lot was the property being sold, when in truth and in fact that statement was untrue, since there was no pleading in the cause asking for a sale of that particular piece of property, nor any order of court directing it. Futhermore, the objection to the sale was made at the same term of court at which the confirmation was had and of course before its adjournment, and the opinion says: "The court still had the whole matter under its control; it was within its power to set aside the order of confirmation, and, so far as this record shows, placed the parties *in statu quo,* and prevent a manifest injustice to appellant." The opinion then goes on to say that under the practice employed therein the purchaser was in the same condition as if he had filed exceptions to the report before it was confirmed; and it was also expressly pointed out therein that "The time had not yet arrived when the maxim, *caveat emptor,* foreclosed appellant from relief because of the imposition innocently practiced upon him as the result of these misrepresentations." It is, therefore, glaringly apparent that the latter case from which we have taken excerpts has no bearing upon the facts of this one, but on the con-

trary supports the judgment appealed from in every particular.

We will in this opinion refrain from an analysis of the cited opinions and will also not insert excerpts therefrom, since they are of one accord to the effect that a purchaser at a judicial sale is one *caveat emptor*, and may not be relieved therefrom upon the sole ground of a failure of title, after the adjournment of court at which the sale was confirmed, which is this case, and the court did not err in sustaining the demurrer filed to the petition.

Wherefore, the judgment is affirmed.