## Courtney et al. v. Farthing et al.

Feb. 20, 1940.

L. L. Hindman, Judge.

J. C. Speight for appellant.

McDonald & Boaz for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

On February 24, 1938, I. T., A. H. and Bob Courtney brought this action in the Graves circuit court against Annie Farthing and C. L. Fondaw, to recover a small 12 acre tract of land therein described, with damages for its alleged wrongful detention.

The case was transferred to equity, heard on oral proof, and upon submission was adjudged dismissed.

Plaintiffs have appealed from that judgment, asking its reversal.

They alleged in their petition that their father, M.

S. Courtney, died intestate in Graves county, Kentucky, in 1934, leaving them, his only surviving heirs-at-law; and that at the time of his death, he was the owner and in possession of this tract they here seek to recover, which they describe as "being a part of a sixty acre tract which A. J. Riley and wife, C. C. Riley, conveyed to M. S. Courtney on September 20, 1899."

The tract in dispute is further described as follows:

"Beginning at the S. E. Corner of the S. W. Qr. of Section 4, T 5, R 1 W in what is known as Wildcat Road; thence north with the quarter section line with branch to a point where said branch turns in a northwestly direction and following said branch to the Illinois Central Railroad right-of-way; thence south with the east line of said right-of-way to Wildcat Road and then east with said road to the point of beginning, and containing about 12 acres."

They alleged that this description and boundary of the 12 acre tract shows that although it is a part of the Riley tract deeded M. S. Courtney, as stated, and laid therein on the east of the railroad right-of-way, it is not included within nor is a part of the 45 acre tract, which lies on the west of the railroad right-of-way, which it appears admitted was covered by the Jewell mortgage and purchased by Fondaw at its foreclosure sale, as hereinafter discussed.

Plaintiffs further alleged that although they, as heirs of their father, upon his death intestate became the owners and entitled to the possession of the 12 acre tract here involved, the defendant, C. L. Fondaw, claiming that this tract is embraced in the boundary and is a part of certain lands he purchased at a judicial sale, did wrongfully and unlawfully take and continue to hold possession thereof for the years 1935 and 1936, when he sold same, together with this tract, to Annie Farthing, his co-appellee, who continued, as vendee, to hold possession of it until the filing of this suit.

The defendant filed answer, counterclaim and cross petition, denying the allegations of the petition, without filing any deed showing his ownership of or title to said tract, but affirmatively pleaded that theretofore he had purchased said land in a suit of Milton Jewell v. M. S.

Courtney, wherein this land was ordered sold to satisfy a mortgage debt which Courtney owed Jewell.

Fondaw having pleaded such source of title to the land in question, the court ordered the Jewell case, supra, made a part of the record in the instant case, for the purpose of ascertaining whether Fondaw had at that sale, by his alleged purchase, acquired title to the land in question.

The facts in the Jewell case, out of which this suit arises, are that M. S. Courtney in January, 1929, finding himself in need of $250, with which to assist his son, Bob Courtney, who had gotten into trouble, requested his neighbor, Milton Jewell, to lend him the amount needed, proposing to secure its payment by executing him a mortgage on all of his real estate.

With such understanding, Jewell agreed to make him the loan, leaving the matter of preparing the mortgage, as agreed, to Courtney.

A mortgage was prepared and executed by Courtney to Jewell, which it appears they both supposed covered all of his real estate, but which they later discovered failed to include this 12 acre tract in controversy.

It further appears that later, after the execution of this mortgage, Courtney deeded to his two sons, plaintiffs herein, and to Hallie Courtney, wife of Bob Courtney (the other plaintiff), three tracts of his land which he had mortgaged Jewell, containing some 76½ acres more or less.

The consideration recited in the three deeds to be paid as purchase price for these grants was, according to plaintiffs' testimony, that A. H. and I. T. Courtney, to each of whom there was deeded a tract of 20 acres more or less, were each to pay their father $25 annually and the taxes on the land conveyed them and that Hallie Courtney, for the 36½ acre tract deeded her, was to assume the Jewell mortgage debt of $250 (made for the benefit of her husband, the plaintiff, Bob Courtney).

A vendor's lien was retained in each deed to secure the payment of the consideration recited as its purchase price.

None of these deeds were recorded and all of grantees defaulted in the payment of the considerations named in their deeds.

The mortgage debt thus remaining unpaid and Jewell wanting to collect the money owing him, M. S. Courtney undertook to himself sell this mortgaged land, which he had deeded to his sons. Two of them, by way of co-operating with him to such end, returned him the deeds made them and Hallie Courtney, although claiming she had lost the deed made her, disclaimed having any interest in the tract conveyed her. Soon following such disclaimer, she died intestate, leaving surviving her her husband, Bob Courtney, and two infant children.

Mr. Courtney, believing himself reinvested with title to the land by reason of the return of the two deeds and loss of the other, with disclaimer of interest, began negotiations with appellee Fondaw for the sale of these lands to him, but which failed upon their discovering that he, by reason of these conveyances made, no longer held a clear title to the land.

Mr. Jewell being anxious to collect his mortgage debt and Mr. Courtney also wishing to settle it, they together consulted with and jointly employed Mr. M. B. Holifield to institute suit to foreclose the mortgage and clear up the title.

Mr. Courtney, being of advanced age and in bad health, left the handling of the details involved in the preparation of the suit to his two sons, I. T. and A. H. Courtney, who actively participated in the suit and assisted their attorney by advising him as to the boundary lines of the several tracts included in tne mortgage, with which they had long been familiar, and also advised him as to how these lands, under mortgage to Mr. Jewell and which had been deeded to and afterwards released by them to their father, might be most profitably divided and sold for the satisfaction of the mortgage debt.

It appears conceded that all the parties were at this time co-operating with each other to the end of realizing from the sale of M. S. Courtney's lands lying north of Wildcat Road a sufficient amount to pay off the mortgage debt and costs, so as to save him his 10 acre homestead lying on the south side of this road.

With such purpose, plaintiffs described these lands conveyed them by their father as being all the land owned by him on the north side of Wildcat Road and that it might be profitably sold under the descriptions by which same was conveyed them by their father, selling with the second of these tracts the father's homestead lying opposite it, if its sale was required in order to realize a sufficient sum to pay off the mortgage debt.

It appears that Mr. Holifield suggested that they have a survey made of the lands embraced in the Jewell mortgage, in order to accurately describe them in the petition, but that plaintiffs advised him such expense was unnecessary, as they were entirely familiar with the boundary lines of these lands of their father, all of which they regarded as under mortgage to Jewell.

Plaintiffs' description of the lands was adopted and set out by counsel in the petition to enforce the mortgage lien.

Accordingly this action was brought in the name of Jewell, the mortgagee, against the mortgagor, M. S. Courtney, the plaintiffs, I. T. and A. H. Courtney, and their wives and also the plaintiff, Bob Courtney, as the surviving husband of Hallie Courtney, and her two children, for whom the appointment of a guardian ad litem was asked.

The action sought not only the enforcement of the Jewell mortgage, but also asked that Courtney's title to the mortgaged lands be cleared.

Appropriate pleadings and proceedings were had to this end, when the learned chancellor adjudged that the deeds made I. T. and A. H. Courtney be cancelled; that Hallie Courtney having defaulted in the payment of the purchase price of the land conveyed her by the deed and died intestate, her right in the land passed to her husband and her two infant children, subject to the lien of the unpaid purchase price thereon and that, the same having been conveyed to her after the execution of the mortgage thereon executed by M. S. Courtney to Jewell, the latter had a first and superior lien on said land.

It was further adjudged that the lands be sold and the commissioner was directed to advertise the sale of the mortgaged lands according to the description there-

of set out in the petition, which was done and his later sale of the lands, purported sold under such description thereof, was announced.

Upon the same being confirmed, the commissioner was directed to make deed to the appellee Fondaw, as the purchaser thereof at the judicial sale, which the commissioner did by conveying the lands to him, not according to the description thereof as set out in the petition, his advertisement and also his report of their sale, but according to the description of the several tracts thereof as set out in Courtney's mortgage executed Jewell.

Due to such error made in the description given in the deed made Fondaw, the issue presented in the present case arose, in that the deed made to the 5th or 45 acre tract described in the mortgage, in following the description as therein given, failed to include within its boundary the 12 acre tract here involved, which lies next the Davis land and to the east of the right-of-way and therefore within the exclusion of the boundary of the 45 acre tract which lies to the west of the right-of-way.

According to the description under which it had been sold, as being the same tract and part of the Riley lands conveyed M. S. Courtney, which he had deeded to his son, A. H. Courtney, the said 20 acre tract extended eastward from the I. T. Courtney 20 acre tract not only to the railroad right-of-way, but across and beyond it, over to the adjoining Davis land.

The appellants earnestly contend that appellee Fondaw, having purchased at the mortgage foreclosure sale only the land described in the mortgage, against which his lien could only have been enforced, could not have acquired title at such sale to land which was not embraced within the mortgage.

Appellee Fondaw, it very clearly appears, by his bid made at the commissioner's sale, intended to buy only such part of M. S. Courtney's land, mortgaged to Jewell, as lay north of Wildcat Road, for the purchase of which he had negotiated both with Courtney and with Jewell, and was willing to bid the amount of the mortgage debt and costs for that land described in the commissioner's advertisement as lying north. of Wildcat

Road, containing some 76½ acres, and extending eastward to the Davis land.

The plaintiffs, as stated supra, in describing the land which had been conveyed them by their father, which they had returned to him so that he might sell it and satisfy his mortgage debt, stated that it embraced all his land lying north of Wildcat Road and described it as extending eastward to the Davis land, rather than only to the railroad right-of-way, given as being the eastern boundary of the 5th tract embraced in the mortgage.

It is made clear by the testimony that it was the common understanding and intention of all the parties at the time of the sale to make this 76½ acres of M. S. Courtney's land, lying north of Wildcat Road, produce an amount sufficient to satisfy his mortgage debt and thus save old Mr. Courtney's homestead for him.

Such common purpose and understanding Fondaw concurred in, as is shown by the fact that the commissioner having deeded him not only the 76½ acres north of Wildcat Road, but also Mr. Courtney's homestead and the 10 acre Walls tract lying south of the road, Fondaw at once executed a deed reconveying Mr. Courtney his homestead tract of 10 acres. He also stated that he did not claim nor had he intended to buy any land south of the road, which it appears was also included in Courtney's mortgage to Jewell and sold at the foreclosure sale, and for such reason he has stood ready and willing to deed it back to the plaintiffs.

It further appears that Fondaw, upon being deeded the 76½ acres of land lying north of Wildcat Road, at once took and has since held possession thereof, claiming same as its purchaser, and that no claim to the tract in controversy was made nor any word, challenging Fondaw's right thereto, was uttered until after the death of M. S. Courtney.

It is further to be noted that the mistake, if any, made by the commissioner in the sale of this 12 acre tract in controversy, as being a part of the mortgaged land directed sold to satisfy the mortgage debt against it was caused by the plaintiffs themselves, in directing their father's attorney to include the 12 acre tract in

controversy as being embraced in the mortgage to Jewell, by describing the mortgaged land as extending over to the Davis tract, under which description it was by the commissioner advertised for sale and later by him reported as sold at the sale to Fondaw.

Plaintiffs, ignoring the fact that the error, if any, of the commissioner in selling the tract in question was traceable to them, in that the tract was included in the description of the lands of their father, mortgaged to Jewell, given by them to their attorney, here insist that it was wrongfully included in the lands sold.

The appellee, Mr. Fondaw, having been led to believe, both by the description given by the advertisement of sale of the mortgaged lands and by the common understanding of the parties in interest connected with the sale, that all of the lands north of Wildcat Road were to be sold at the sale, should not now be held to have bought a less amount of land than he paid for, to his injury and the enrichment of the plaintiffs, who induced the mistake, if any, made by their misrepresentation as to the boundary of the property to be sold.

We approve the ruling of the learned chancellor that the rule of caveat emptor, here invoked by plaintiffs, is not, under these circumstances, here applicable.

The rule of caveat emptor, like most other general rules and maxims of the common law, has exceptions and limitations as to its applicability, when considered in connection with other principles of the common law, alike and equally fundamental and controlling, and under which courts of equity have refused to apply the rule in the case of fraud or mistake, including mistakes made as to the quantity of land caused by the error of its commissioner in making the sale.

The learned trial court in his judgment arrived at the conclusion, after a balancing and setting off of all these conflicting claims made to the tract of land in controversy, that the action of Jewell v. Courtney was brought to clear the title to, to correct the description of, and to enforce a mortgage lien upon the real estate then owned by M. S. Courtney; that the parties plaintiff in this action were parties defendant in that action and participated in the preparation and trial thereof and that it was the intention of all the parties in said action,

including the plaintiffs in this action, to sell so much of the lands of M. S. Courtney as was found necessary to pay Jewell's mortgage debt, the real estate being described in said judgment by the same description as that used by the commissioner in his advertisement and report of sale; that said real estate, so described, was all of the real estate owned by M. S. Courtney north of Wildcat Road and included the real estate here in controversy and also his home place and the Walls 10 acre tract south of the Wildcat Road, but further found that it was the intention of the parties to sell only so much of Courtney's real estate as lies north of Wildcat Road, which included the real estate in controversy herein; that the commissioner, in making deed to the land, did not follow the description used in the advertisement or report of sale, but that used in the mortgage, in describing tract No. 5, which did not contain the tract in controversy, and conveyed to Fondaw other real estate, which did not lie north of Wildcat Road.

The court further found that it was known by all the parties in interest that Fondaw only attempted to buy all the acreage north of Wildcat Road, including the tract in controversy, and did not bid for or buy either of the two tracts, the 10 acre homestead or the 10 acre Walls tract, south of the road, and that, showing that such was the intention of the parties, Fondaw, upon finding that the commissioner had deeded him the two tracts south of the road, which he had not bid for, nor as he understood bought, at once reconveyed the homestead to M. S. Courtney and also disclaimed having bought the Walls tract.

Our reference to Mr. Fondaw's action, in reconveying the homestead tract to Mr. Courtney, which, though embraced in Jewell's mortgage, appears to have been erroneously sold Fondaw, is made merely for the purpose of showing a clear understanding had between the parties at the time of the sale as to what land was to be sold and that the land south of the road was not to be sold, unless found necessary in order to pay the Jewell mortgage debt. But for such understanding had with Fondaw at the time of making his bid for the 76 acre tract, he would clearly, after buying the two tracts south of Wildcat Road, not have reconveyed them or disavowed any right to them, as he did.

The court further refused to apply the caveat emptor rule invoked by the plaintiffs, holding it here not applicable, for like considerations as it was held inapplicable in the case of Cooper .v. Hargis' Adm'r, 45 S. W. 112, 113, 20 Ky. Law Rep. 41, where the court said:

> "We do not think it at all violates the rule adopted for securing certainty and stability in judicial sales of land, to afford relief in a subsequent action from fraud or mistake occurring in such sales. In fact, such sales derive their sanctity from their supposed fairness and regularity; and it is just as important and obligatory upon the chancellor to afford relief against fraud or mistake committed in them, when wrong and injury has been done, as it is in case of private sales." In accord therewith see the case of Trigg v. Jones' Adm'r, 102 Ky. 44, 42 S. W. 848, 19 Ky. Law Rep. 1009.

Here Fondaw bought the land north of Wildcat Road, relying upon the understanding had with the parties, the description of the land made by the plaintiffs themselves and the statement of the commissioner at the sale that it embraced the whole 76½ acre tract north of Wildcat Road.

To have applied the caveat emptor rule in this case would have allowed plaintiffs to have enriched themselves by either mistake or fraud in misrepresenting the boundaries of the land offered for sale.

Further, Fondaw having been induced to buy the land in the belief that he was buying it all and being deceived by the representations made as to the boundaries of the land by plaintiffs, the trial court properly ruled that the plaintiffs were estopped by their conduct from thereafter seeking to recover the tract in controversy, which had by plaintiffs been misrepresented as included within the mortgaged land offered by the commissioner for sale.

In such case, as argued by counsel for appellees, the important question becomes not as to whether the land in controversy is in fact embraced in the commissioner's sale or in the deed to Fondaw, but is whether the plaintiffs, by their representations made as to the boundaries of land to be sold at the foreclosure sale, in-

duced the prospective purchasers, including the defendant Fondaw, to believe that such were the true boundaries and act on that belief.

It is clear that Fondaw here so believed.

It is therefore our conclusion that the chancellor properly held that plaintiffs' petition, seeking recovery of this land, should be dismissed and that they take nothing thereby. Our views being in harmony with the chancellor's views as to the equitable principles here found and held applicable and adversely controlling of the questions presented by plaintiffs' demands, his decree is affirmed.