## Berry v. Berry et al.

Nov. 11, 1941.

Richardson & Redford for appellant.

Wilson & Wilson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, F. J. Berry, plaintiff below, became the purchaser at a judicial sale of a piece of property sold to settle the estate of his deceased brother, E. M. Berry. He alleged that he and the other heirs entered into an agreement to make the property bring as much as $12,000 and that it was purchased for $10,300. The other heirs assigned their interests to him. No exceptions to the sale were filed. A few months after the commissioner executed the deed to the property to the appellant, he decided to sell it at auction. Just prior to the sale Berry had the land surveyed and it measured out 103 acres. He did not realize as much from the auction sale as he paid for the property. A few months after the sale he instituted this proceeding against the administrator of the estate of E. M. Berry and the wife of the deceased to recover for the 17 acre shortage. A demurrer was sustained to his petition and, upon his declining to plead further, judgment was entered dismissing it. He is appealing from that judgment.

The appellant insists that he alleged facts sufficient to bring his case within the exception to the general rule of caveat emptor applying to judicial sales. He insists that representations were made by the other heirs and the commissioner to the effect that the boundary of land contained 120 acres. The petition sets forth the description of the land as described in the petition to settle the estate of E. M. Berry. After giving the boundary by metes and bounds, the description concludes with these words:

"*   *   * containing about 120 acres, more or less, and being all of the land owned by the said parties of the first part on the Edmonton road at this time."

The petition alleges further that: The master commissioner's advertisement described the land by metes and bounds and as containing 120 acres, more or less; all of the heirs, including himself, undertook to make the land bring $12,000, or $100 an acre; all of them believed in good faith that the tract actually contained 120 acres; at the sale the master commissioner announced the tract was being sold as 120 acres; "and they in good faith believed, not only from the statements of the master commissioner, but of their knowledge of the land, that said land consisted of 120 acres, and they purchased same on the basis of there being 120 acres"; it was the common

understanding of the heirs of E. M. Berry and the master commissioner that the tract contained 120 acres and that they so believing sold it as consisting of that acreage; he was informed by the other heirs that the tract consisted of from 120 to 125 acres, and relying upon the information received by him from the other heirs and the master commissioner the tract was purchased as consisting of 120 acres when in fact it contained only 103 acres; and he was led to believe by his deceased brother and by his heirs, by the description given in the advertisement of the sale of the land, by the master commissioner on the date of the sale and the common understanding of all the parties interested in the sale that the boundary consisted of 120 acres and that that amount was being sold by the commissioner, "but through the mistake, as aforesaid, he actually purchased only 103 acres."

A purchaser at a judicial sale will not be relieved of complying with his bid after the confirmation of the sale unless he can show that he has relied upon representations made by the parties or the commissioner which caused him or induced him to make the purchase. Beale v. Stroud, 191 Ky. 755, 231 S. W. 522; Courtney v. Farthing, 282 Ky. 54, 137 S. W. (2d) 703. But the question is: Can the appellant, in the light of all the circumstances attending the sale of the land in question, be heard to say that he relied upon representations made to him by the parties, he being one of them, or the commissioner, as to the quantity of land purchased? He was familiar with the land. He was certainly put on notice of the description of the land in the recorded deed given to his brother, wherein it was said that the land contained "about 120 acres, more or less." When the petition is viewed as a whole, we think it charges, at most, that there was a mistaken belief on the part of appellant and the other heirs of E. M. Berry that the tract contained 120 acres; but there was nothing of record upon which such a belief could be based. While there is the allegation that the commissioner announced that he was selling the tract as containing 120 acres, the description of the land in the petition to have the property sold and the advertisement of sale, according to appellant's allegations, showed that the land contained 120 acres, more or less, to say nothing of the description in the commissioner's deed to the appellant. Under the circumstances, we fail to see how he can place himself

in the position of one who has been misled by the sellers or the commissioner as to the quantity of land sold. An examination of the Beale and Courtney cases, cited above, reveals circumstances materially different from those in the case at bar.

Wherefore, the judgment is affirmed.