## Homans v. Johnson.

May 4, 1943.

Mrs. Ralph Gilbert for appellant.

Iris Reed, C. G. Barrickman and John M. Berry for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

William Sheppard Homans and his guardian, Rose Sanders Johnson, were the owners of an 84-acre farm in Shelby County. The guardian owned five-sixths and the ward one-sixth. The guardian entered into a contract to exchange the farm for one of 157 acres in Henry County. Both farms were under mortgage. The mortgage on the Henry County farm exceeded the other by $80. The mortgages were to be assumed by the grantees in the respective deeds.

This action was filed by the guardian against her ward, pursuant to section 2150a, Kentucky Statutes, to secure approval of the transaction before the sale was consummated. Judgment of approval was rendered prior to the enactment of Chapter 137 of the Acts of 1942 repealing section 2150a. The guardian was required to pay individually the $80 difference between the two mortgages. The judgment dispensed with execution of bond by the guardian since no money came into her hands.

On this appeal, prosecuted by the guardian ad litem,

it is contended that the court was without power to approve the proposed exchange of the infant's land by the guardian. Relied on in support of this contention is Ford et al. v. May et al., 157 Ky. 830, 164 S. W. 88, which so holds. But that case was decided prior to the enactment of section 2150a. In Sweeney's Guardian v. Sweeney's Committee, 256 Ky. 117, 75 S. W. (2d) 749, 750, the guardian entered into a contract to exchange a house and lot for a smaller house and lot and $7,000. A judgment directing the guardian to consummate the transaction was affirmed, the court saying:

"Concededly, the contract of the committee with Helm partakes of the nature of a sale, as authorized by section 2150a, and also of an investment, under section 4706. Though the contract of the committee and Helm may be considered either as a sale for a cash consideration, or of an exchange or swap of property and part cash consideration, since it partakes of both the nature of a sale, authorized by section 2150a, and of an investment, under section 4706, and these sections authorizing a sale for cash and an investment of the cash in other real estate, subject to the approval of the court, the court appropriately approved both the sale and the investment on proper pleadings, supported by the evidence. Since there is no statutory rule of practice forbidding the committee from applying by an appropriate petition to the court for approval of a sale and conveyance of the real estate of the ward and in the same secure the court's approval of an investment of the proceeds thereof, we comprehend no reason for not approving such proceeding, which is tantamount to separate proceedings; one under section 2150a and the other under section 4706." We regard that case as conclusive of the question before us.

It is also suggested that the judgment was erroneous in failing to require bond of the guardian. In Meade v. Meade, 279 Ky. 39, 129 S. W. (2d) 993, it was held that where no money comes into the hands of the guardian in a proceeding under section 2150a no bond is required.

Affirmed.