RENDERED: DECEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1297-MR

AHMED DIZAYA                                                         APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MARY SHAW, JUDGE
ACTION NO. 11-CI-401354

TAX EASE LIEN SERVICING, LLC;
BRANCH BANKING AND TRUST COMPANY;
EDSON B. CAMPBELL; WANDA L. CAMPBELL;
JAMOS FUND I, L.P.; JEFFERSON COUNTY/LOUISVILLE
METRO GOVERNMENT; AND US BANK, AS CUSTODIAN
FOR SASS MUNI-V, DTR                                                 APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Ahmed Dizaya ("Appellant") appeals from an order of

the Jefferson Circuit Court setting aside in part a judgment and order of sale

entered in favor of Tax Ease Lien Servicing, LLC. Appellant argues that the

Jefferson Circuit Court erred in altering the description of the property sold rather than setting the sale aside and refunding his purchase money. For the reasons addressed below, we reverse and remand the order on appeal.

## FACTS AND PROCEDURAL HISTORY

This matter arose from a lien enforcement action on a parcel of real property identified as Parcel ID 07 039C 0083 0000 and located at 1746 Wilson Avenue in Louisville, Kentucky. Appellee Tax Ease Lien Servicing, LLC ("Appellee") purchased several certificates of delinquency on the parcel and filed an action in Jefferson Circuit Court to enforce the liens. Pursuant to Kentucky Revised Statutes ("KRS") 426.006, Appellee named as defendants several individuals and entities who had tax liens or other interests in the property.

On August 27, 2015, the Jefferson Circuit Court rendered a judgment and order of sale ("JOS"). The JOS correctly stated that the subject parcel was located at 1746 Wilson Avenue; however, the legal description of the property, which was attached to the JOS as Exhibit A, listed three tracts. Tract 1 in the legal description was shown as Parcel ID 07 039C 0143 000 at 1744 Wilson Avenue; Tract 2, noted above, was located at 1746 Wilson Avenue;[1] and Tract 3 was identified at Parcel ID 07 039C 0185 0000, or simply "Wilson Avenue." None of

---

[1] The record variously identifies this parcel as either 1746 Wilson Avenue or 1756 Wilson Avenue.

the parties asserted any claims against Tract 1 or Tract 3, and these tracts were mistakenly recorded on the legal description attached to the JOS.

The first judicial sale occurred on November 10, 2015, and was set aside after a purchaser, who was not a party to this action, failed to pay the balance of his bid. A second sale was conducted on July 28, 2017, when Appellant purchased the property for $30,000. After tendering payment, a master commissioner's deed was approved by the circuit court. This deed was recorded by the Jefferson County Clerk on August 22, 2017. The deed improperly purported to convey to Appellant Tracts 1, 2, and 3, even though Appellee's lien was only on Tract 2. After discovering the error, Appellant filed a motion to correct the deed to describe only Tract 2.[2]

The matter proceeded before the master commissioner, who rendered a master commissioner's report on May 29, 2019. The master commissioner recommended to the circuit court in relevant part that the court declare as void the legal descriptions of Tracts 1 and 3 in the August 27, 2015 JOS, and to execute a new deed in favor of Appellant as to Tract 2. On June 12, 2019, Appellant filed exceptions to the master commissioner's report. Appellant asserted that he paid

---

[2] In the interim, Kentucky Tax Lien Fund, LLC ("KTLF") filed a lien enforcement action as to Tracts 1 and 3. Appellant was named in that proceeding by virtue of the incorrect legal description in the master commissioner's deed. A JOS was entered in favor of KTLF on April 4, 2019, but the scheduled sale was withdrawn pending resolution of the instant proceeding.

$30,000 for three lots, and if the commissioner was not able to deliver three lots the sale should be set aside and his purchase money refunded in full. The matter went before the circuit court, which entered an order on June 13, 2019, approving the master commissioner's report, correcting the legal description to describe only Tract 2, and executing a new deed in favor of Appellant as to Tract 2. Upon apparently determining that these mistakes were made by counsel for Appellee, the court ordered counsel to pay two $50 fees for the master commissioner's report and the preparation of the new deed, and not to bill his client for his costs. On June 20, 2019, Appellant moved to set aside the order.

Finally, on July 26, 2019, the Jefferson Circuit Court rendered an order again overruling Appellant's exceptions. The court opined that while there was no elegant solution to the case's procedural posture, Appellant's prior motion to correct the deed was an acknowledgement that he was not entitled to retain title to Tracts 1 and 3. It further concluded that Appellant assumed the risk of loss by purchasing at a commissioner's sale and failing to perform any due diligence via a title search, or by moving to correct the deed within the time allotted by the civil rules. This appeal followed.

**ARGUMENT AND ANALYSIS**

Appellant argues that the Jefferson Circuit Court committed reversible error in ordering the recording of a new and corrected deed to Tract 2 in favor of

-4-

Appellant, rather than vacating the sale in its entirety and ordering the refund of Appellant's purchase money. He contends that Appellee and the circuit court are engaged in the wrongful taking of property without just compensation and for the benefit of private parties. Appellant argues that he was deprived of the just compensation guaranteed by the Kentucky Constitution, and that this constitutional provision is self-executing. He seeks an opinion reversing the order on appeal, and remanding the matter to set aside the sale in its entirety. Appellees have not filed a responsive brief.

Appellee sought and obtained a judgment in which a parcel comprised of three tracts was offered for sale by the master commissioner in order to satisfy the tax liens which Appellee had purchased. However, the tax liens which were the basis for this action only applied to one of the three tracts in the parcel. This error was the result of either Appellee performing a faulty title search prior to filing its complaint or only seeking to foreclose on the tax liens associated with Tract 2 when it also held tax liens on Tracts 1 and 3. In either scenario, it was Appellee's negligence which resulted in the faulty property description submitted in the complaint, setting off the chain of events which ultimately harmed Appellant. The faulty description was then relied upon by the circuit court in granting a judgment in Appellee's favor and ordering the property to be sold to satisfy the liens. This in turn caused the master commissioner to offer the parcel of

that particular description for sale, and Appellant bidding on, and ultimately buying, the parcel in reliance on that description.

After the sale was confirmed, Appellant learned that Tracts 1 and 3 were not properly under the circuit court's jurisdiction and the sale was invalid as to those tracts. He appropriately sought a remedy with the circuit court. Appellant first asked for reformation of the deed to conform to an accurate property description. The master commissioner recommended that an amended deed be issued and confirmed without any refund to Appellant of his purchase price.

Appellant objected to this confirmation because it resulted in him receiving a deed to only one tract for the price that he paid for three. He asked the circuit court to void the sale entirely. It refused to do so. On appeal, Appellant argues that in reforming the deed to only include one tract of land, which he states is not the most valuable tract of the three, the Commonwealth has taken property from him without due process and just compensation. He argues the appropriate remedy for this breach of the contract of sale is to set the contract aside, refund his money, and allow Appellee to correct the judgment. Once the judgment is corrected, the master commissioner can offer up for sale the parcel with a correct description. We find this argument persuasive.

The master commissioner can only sell property and convey good title when there is a valid judgment. KRS 426.570; KRS 426.571; KRS 426.574; KRS

426.575. While a master commissioner's deed can be a valid link in the title chain, *Ritchie v. Paine*, 431 S.W.2d 498, 500 (Ky. 1968), it is not a valid link if the judgment underlying it is void. *See Howard v. Howard*, 239 Ky. 160, 39 S.W.2d 245, 246-48 (1931) (explaining that a void sale by a master commissioner after attachment under a void judgment cannot convey title to even an innocent purchaser and the proper remedy is to cancel the deed thereby rendered and dismiss the buyer's claim to title of the property); *Kengreen Gas Utilities Corp. v. Crozer*, 244 Ky. 440, 51 S.W.2d 262, 266 (1932).

If property owners are not properly brought before the court regarding a particular parcel of land, any judgment in an action and selling the land pursuant to that judgment will be void. *Roberson v. Boaz*, 195 Ky. 160, 241 S.W. 831, 833 (1922). Likewise, if the tax delinquency is not established, this would render a sale to satisfy a tax delinquency void. *Kypadel Coal & Lumber Co. v. Millard*, 165 Ky. 432, 177 S.W. 270, 272 (1915). Just as a materialman's lien cannot be effective when the wrong property is described, and the right property cannot be ascertained from the description, *Powers v. Brewer*, 238 Ky. 579, 38 S.W.2d 466, 469-70 (1931), a tax lien cannot be effective when attached to the wrong property. If instead, which does not appear to be the situation here, the circuit court had "*in rem* subject matter jurisdiction of the particular realty and personal jurisdiction over the parties, any error in the judgment rendered by the court is voidable, and

not void." *Hisle v. Lexington-Fayette Urban Cty. Gov't*, 258 S.W.3d 422, 432 (Ky. App. 2008).

Because Appellee only had the legal authority to foreclose on one of the three tracts of property, the judgment which encompassed all three tracts as an indivisible whole was void at its inception. There is no basis to reform a deed that results from a void judgment; therefore, it does not matter what type of relief Appellant initially requested as a void judgment cannot be the basis for him gaining title to any portion of the property.

Even if the judgment was not void, there were nevertheless sufficient grounds to set aside the sale.

> To warrant the setting aside of a sale there must be either fraud or misconduct in some one connected with the sale, unfairness of the officer who conducts the sale, some surprise or misapprehension on the part of those interested, or some irregularity in the proceedings, or other circumstances attending, conducing to show unfairness.

*Smith v. Holowell*, 201 Ky. 271, 256 S.W. 408, 409 (1923). "[A] deed of conveyance will not be set aside on the ground of mutual mistake, unless the proof of the mistake is full, clear, and convincing." *Farar v. Eli*, 195 Ky. 30, 241 S.W. 326, 326 (1922) (citations omitted).

An example of how mistake can justify the setting aside of a sale is discussed in *Noe v. Akridge*, 310 Ky. 107, 220 S.W.2d 93 (1949), which concerned

a dispute as to whether a fifty-foot strip of land was excluded or included in a sale of property and the evidence surrounding that dispute. The court noted that the conflicting evidence made it "entirely possible that the minds of the parties, the purchaser and the agent of the sellers did not meet. If so, this afforded grounds for a rescission of the contract or sale, not for reformation of the deed." *Id.* at 94-95.

Although a value was not assigned to the parcel offered up for sale, it is evident that the value of one parcel of three is not equivalent to all three. Thus, when Appellant offered a $30,000 bid for three parcels and received one, he paid far more per acre than he intended. We believe it is appropriate to consider this sale in terms of valuation.

An incorrect valuation can justify setting aside a sale "when it is made to appear by sufficient allegations and proof that the incorrect valuation was procured by fraud, or resulted from mistake other than in the mere judgment of the appraisers." *Southwood v. Willis*, 222 Ky. 782, 2 S.W.2d 660, 660 (1928) (citations omitted). "[W]here there is shown great inadequacy of price, it is not necessary to prove actual fraud or collusion, but it is sufficient to show additional circumstances, though slight and insufficient in themselves to establish irregularity or unfairness." *Maynard v. Maynard*, 292 Ky. 638, 167 S.W.2d 853, 857 (1943) (citation omitted). When such a showing is made, "the court may set aside a judicial sale after confirmation[.]" *Id.*

Clearly there was surprise or misapprehension about what was being sold and what could be sold and what its value was. Because of Appellee's mistake, there could be no meeting of the minds or contract where the actual property to be sold varied so dramatically from what the parties intended. This resulted in demonstrable unfairness to Appellant.

Appellant was entitled to rely on the property description provided by the master commissioner. A title search on Appellant's part would not have revealed the error in the court's order. The court order itself offering the parcel for sale was an intervening event in the title of the property, thereby providing good title, and allowing reliance so long as the judgment remained valid. There is no evidence that Appellant was familiar with the property nor had any reason to know that the foreclosure was not valid as to all three tracts or that he would not be able to receive the property advertised. The only evidence is that he was misled by the representations provided by the master commissioner which were in accordance with the judgment. *Caveat emptor* is not applicable in such a situation. *See Manning v. Lewis*, 400 S.W.3d 737, 742 (Ky. 2013) (stating the buyer will not be allowed to recover for a deficiency in acres sold where he was on notice regarding the deficiency before the sale.); *Landers v. Scroggy*, 294 Ky. 848, 172 S.W.2d 557, 558-59 (1943) (discussing why it was appropriate to allow compensation for a deficiency in land where purchasers were unfamiliar with the land being sold and

-10-

relied upon the information provided by the master commissioner, citing *Courtney v. Farthing*, 282 Ky. 54, 137 S.W.2d 703 (1940) and *Cooper v. Hargis' Adm'r*, 20 Ky.L.Rptr. 41, 45 S.W. 112 (1898)).

Given the magnitude of the mistake, the reformation of the deed could not make Appellant whole unless it was also accompanied by a substantial refund of the purchase price. While a land sale may be reformed if the contract was for a sale by acre and the actual land delivered was deficient by 10% or more of the agreed upon acreage, *see Manning*, 400 S.W.3d at 740-41, the situation that occurred here is far worse than a deficiency of 10%. The two tracts omitted might constitute a much higher deficiency.

The foregoing aside, we may properly characterize Appellee's failure to file an appellate brief as an admission of error. Kentucky Rules of Civil Procedure ("CR") 76.12(8)(c) provides specific consequences are available when an appellee fails to file an appellate brief:

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

The order on appeal may be reversed under section (ii) as Appellant's brief reasonably sustains such action, as well as under section (iii) because Appellee's failure to file a brief constitutes a confession of error.

## CONCLUSION

Appellee's negligence resulted in the faulty property description which ultimately harmed Appellant. As Appellee only had the legal authority to foreclose on one of the three tracts of property, the judgment which encompassed all three tracts as an indivisible whole was void at its inception. There is no basis for reforming a deed that results from a void judgment. Finally, Appellee's failure to participate in the appellate process constitutes an admission of error which, taken alone, supports a reversal. For the foregoing reasons, we reverse the order on appeal and remand the matter for proceedings consistent with this opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEES

Vincent F. Heuser, Jr.
Louisville, Kentucky